**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered) |
| LUGANO DIAMONDS & JEWELRY INC.<br><br>Plaintiff,<br><br>v.<br><br>MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust;<br><br>Defendant. | Adv. Proc. No. 26-50528 (BLS)<br><br>**Objection Deadline**<br>To Be Determined<br><br>**Hearing Date**<br>To Be Determined |

**MOTION OF DEFENDANT MORDECHAI FERDER, INDIVIDUALLY AND AS TRUSTEE OF THE HAIM FAMILY TRUST, TO QUASH PURPORTED SERVICE OF PROCESS OR, ALTERNATIVELY, TO DISMISS THE ADVERSARY COMPLAINT**

Defendant Mordechai Ferder, individually and in his capacity as Trustee of the Haim Family Trust ("Mr. Ferder" or "Defendant"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure ("Civil Procedure Rule(s)") 12(b)(2), 12(b)(4), and 12(b)(5), made applicable to this adversary proceeding by Federal Rule of

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

Bankruptcy Procedure ("Bankruptcy Rule(s)") 7012(b), for an order quashing the purported services of the Summons and Complaint reflected at Adversary Docket Item 3, Item 4-2, and Item 5, or, in the alternative, dismissing the Complaint filed by Plaintiff Lugano Diamonds & Jewelry Inc. ("Plaintiff") for insufficient process, insufficient service of process, and lack of personal jurisdiction.[2]

## I. PRELIMINARY STATEMENT

1. Plaintiff has not served Mr. Ferder with the Summons and Complaint in accordance with Civil Procedure Rule 4 and Bankruptcy Rule 7004. Not once, in any of the multiple affidavits of service reflected on this docket, did Plaintiff deliver the Summons and Complaint to Mr. Ferder personally, to his dwelling house or usual place of abode, to any place where he regularly conducts business, or by any means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, as Bankruptcy Rule 7004(a) requires. [*See* Adv. D.I. 3, 4-2, and 5.]

2. Instead, Plaintiff delivered process to the reception desks of three separate law firms — Reeves & Weiss LLP, Stinson LLP, and Carothers & Hauswirth LLP — none of which was ever appointed, expressly or impliedly, as Mr. Ferder's agent to accept service of process in this proceeding. [Declaration of Gregory W. Hauswirth ("Hauswirth Decl.") ¶¶ 4-5; Declaration of Jeffrey H. Reeves ("Reeves Decl.") ¶¶ 4-5, 8; Declaration of Sandford L. Frey ("Frey Decl.") ¶¶ 4-5.]

3. Plaintiff's own counsel knows this. On July 20, 2026 — nearly a month before any of the three purported service attempts at issue here — Kenneth Kansa of Steptoe LLP, counsel of

[2] If the Court denies this motion and finds that it has jurisdiction over Mr. Ferder, Mr. Ferder reserves his right to bring a motion to dismiss under Rule 12(b)(6) for failure to state a claim because the complaint was filed in direct contravention of the Central District of California's March 13, 2026 Order Granting Defendant's Motion to Remand and Denying as Moot Plaintiff's Motion to Transfer ("The court finds that Defendant's filings in the Bankruptcy Court do not require this court to deny the Motion to Remand and compel Defendant to defend this case in the Bankruptcy Court . . . . the equities weigh in favor of remanding this case. . . . The court notes that a party's jury trial right weighs strongly in favor of remand."), and because it otherwise fails to allege proper standing.

record for Plaintiff, confirmed in writing to Mr. Ferder's counsel that he understood "Reeves & Weiss is ***not*** authorized to accept service of the Delaware complaint on the Ferder parties," and that Plaintiff did "***not*** take the position that the complaint has been served." [Reeves Decl. ¶¶ 6-7 and Ex. A (E-mail from K. Kansa to J. Reeves, et al. (July 20, 2026, 2:41 p.m.) (emphasis added)).] Mr. Kansa drew a careful and deliberate line: Plaintiff would rely only on the separate, more permissive notice standard for a claim objection under Bankruptcy Rule 3007 — mailing to the address designated on Mr. Ferder's proof of claim — and expressly disclaimed any position that the adversary Complaint itself had been, or could be, served that way. Plaintiff cannot now be heard to argue otherwise merely because it subsequently mailed process to the same and other law offices.

4. Because none of the four purported service attempts satisfies Bankruptcy Rule 7004, this Court lacks personal jurisdiction over Mr. Ferder, and the purported service must be quashed or the complaint dismissed. *See* Fed. R. Bankr. P. 7004(f) (proper service is a prerequisite to personal jurisdiction); *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). Mr. Ferder therefore respectfully requests that the Court quash the purported service reflected at Adversary Docket Item 3, Item 4-2, and Item 5 in their entirety or, in the alternative, dismiss the complaint under Civil Procedure Rules 12(b)(2), 12(b)(4), and 12(b)(5).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. None of Plaintiff's Four Purported Service Attempts Were Directed at Mr. Ferder

5. On June 24, 2026, Plaintiff commenced this adversary proceeding by filing its Complaint and Objection to Proof of Claim against Mr. Ferder, asserting nineteen counts sounding in claim disallowance and subordination, preference and fraudulent-transfer avoidance, fraud, breach of fiduciary duty, and related theories, and seeking to disallow the $36,024,500.00 proof of claim (Claim No. 160) that Mr. Ferder had timely filed in the main Chapter 11 case. [Adv. D.I. 1.] No summons issued at that time.

6. Nearly five weeks before the issuance of the summons, on July 13, 2026, Plaintiff filed a certificate reflecting that the Complaint alone (necessarily without a summons, since none had yet issued) was mailed to Mr. Ferder "c/o Reeves & Weiss LLP" and "c/o Stinson LLP" on July 8, 2026. [Adv. D.I. 3.] The affidavit does not identify any summons or notice of dispute-resolution alternatives among the documents mailed. [*See id.*]

7. A summons issued on August 14, 2026 — more than seven weeks after the Complaint was filed. [Adv. D.I. 4.] The summons, on its face, does not state a specific pretrial-conference date and time as required by Delaware Bankruptcy Local Rule 7004-1(a); it lists that date and time as "to be determined." [*Id.*]

8. After the summons issued, Plaintiff made three further attempts, each directed at a law office rather than at Mr. Ferder:

- First, on August 17, 2026, at 11:30 a.m., a process server with First Legal delivered the Summons, Complaint, and related papers to a "Laverna Avery," identified as an "authorized employee," at the Wilmington, Delaware office of Carothers & Hauswirth LLP, 1007 North Orange Street, 4th Floor — papers addressed to "Gregory W. Hauswirth, Carothers & Hauswirth LLP." [Adv. D.I. 4-2.]
- Second, on August 17, 2026, at 1:13 p.m., a process server delivered the same papers to a communal lobby receptionist identified only as "Amy Doe" at the Irvine, California building in which the office of Reeves & Weiss LLP is located, 3333 Michelson Drive, Suite 300. [Adv. D.I. 5.]
- Third, on August 21, 2026, at 2:20 p.m., a process server delivered the same papers to a receptionist identified only as "Julian Harris" at the Los Angeles office of Stinson LLP, 1901 Avenue of the Stars, Suite 450. [Adv. D.I. 5.]

9. None of these three deliveries was made to Mr. Ferder personally, to his dwelling house or usual place of abode, to a place where he regularly conducts a business or profession, or

by any means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

### B. None of the Three Firms Was Ever Authorized to Accept Service on Mr. Ferder's Behalf

10. Mr. Ferder never authorized — expressly or impliedly — Carothers & Hauswirth LLP, Reeves & Weiss LLP, or Stinson LLP to accept service of process on his behalf in this adversary proceeding. [Hauswirth Decl. ¶¶ 4-5; Reeves Decl. ¶¶ 4-5; Frey Decl. ¶¶ 4-5.]

11. Reeves & Weiss LLP represents Mr. Ferder in connection with the preparation and filing of his proof of claim and related matters in the main Chapter 11 case. [Main D.I. 594 and 595.] Although Mr. Ferder's proof of claim designated Jeffrey H. Reeves at Reeves & Weiss as the address for bankruptcy notices and payments, that limited designation does not authorize acceptance of original process commencing an adversary proceeding. [*See* Reeves Decl. ¶¶ 4-5, 8.] Indeed, Reeves & Weiss LLP has repeatedly challenged purported service of process attempted upon it in other cases on this same ground. [*See* Reeves Decl. ¶ 9 and Ex. B (Minute Order Granting Motion to Quash Service of Summons, *Avina LLC vs. Lugano Diamonds & Jewelry, Inc.*, Cal. Super. Ct. Orange Cnty. Case No. 30-2025-01495834-CU-FR-CJC, May 4, 2026).]

12. Stinson LLP and Carothers & Hauswirth LLP also represent Mr. Ferder in the main Chapter 11 case. Sandford L. Frey of Stinson LLP was admitted pro hac vice to this District for that specific purpose. [Main D.I. 265.] But Mr. Ferder never appointed Stinson LLP or Carothers & Hauswirth LLP as his agent to accept service of process in this adversary proceeding. [Frey Decl. ¶¶ 4-5; Hauswirth Decl. ¶¶ 4-5.]

13. On January 27, 2026, Proof of Claim No. 160 was filed by Mr. Ferder ("POC 160"). POC 160 contains an express reservation that states: "Ferder does not consent to jurisdiction of

the Bankruptcy Court or District Court with respect to … any counterclaims, crossclaims and/or any third-party actions." [*See* Adv. D.I. 1 (Complaint) at Exhibit B, Addendum D].

### C. Plaintiff's Own Counsel Already Conceded, in Writing, that Reeves & Weiss Lacks Authority to Accept Service

14. The point is not merely that Mr. Ferder and each firm deny that any authority to accept service ever existed. Plaintiff's own lead counsel said so first, in writing, weeks before Plaintiff attempted the very service it now asks this Court to approve in its filing of the respective affidavits of service. On July 20, 2026, Kenneth Kansa of Steptoe LLP — counsel of record for the Plaintiff — sent the following e-mail to counsel for Mr. Ferder and other parties, in relevant part:

> All, To follow up on one point from our call last week, we were advised that ***Reeves & Weiss is not authorized to accept service of the Delaware complaint on the Ferder parties. We accordingly do not take the position that the complaint has been served***. We do, however, take the position that the objection to the proof of claim was validly served by mailing the notice to the address designated on Mr. Ferder's proof of claim, in accordance with FRBP 3007.

[Reeves Decl. ¶¶ 6-7 and Ex. A (E-mail from K. Kansa to J. Reeves, et al. (July 20, 2026, 2:41 p.m.) (emphasis added)).] This is a considered, deliberate statement by sophisticated bankruptcy counsel, drawing a precise distinction between two different things: (i) the more lenient notice standard that governs a claim objection under Bankruptcy Rule 3007, which permits mailing to the address a claimant designates on its proof of claim; and (ii) the separate and more exacting requirements of Bankruptcy Rule 7004 that govern service of a summons and complaint commencing an adversary proceeding. Plaintiff's counsel expressly disclaimed reliance on the former and expressly disclaimed any position that the Complaint had been served on Mr. Ferder at all as of that date.

15. Nothing changed between July 20, 2026 and the August 17 and August 21, 2026 delivery attempts that could have conferred on Reeves & Weiss LLP, Stinson LLP, or Carothers & Hauswirth LLP authority that Plaintiff's own counsel had just confirmed none of them possessed. These firms continued to represent Mr. Ferder in the main bankruptcy case and pursue the same proof of claim, as they always have. [Reeves Decl. ¶ 4; Frey Decl. ¶ 4.] Plaintiff simply proceeded to deliver process to those same (and one additional) law offices anyway, without any new appointment, authorization, or consent from Mr. Ferder.

## III. RELIEF REQUESTED

16. By this Motion, Mr. Ferder requests an order, a copy of which is attached hereto as **Exhibit 1**, quashing the purported service of the Summons and Complaint reflected at Adversary Docket Item Nos. 3, 4-2 and 5, and directing Plaintiff to provide servicer in accordance with or in the alternative, dismissing the Complaint filed by Plaintiff for lack of personal jurisdiction under Civil Procedure Rules 12(b)(2), 12(b)(4), and 12(b)(5), incorporated by Bankruptcy Rule 7012(b).

## IV. LEGAL STANDARD

17. Effective service of process, made in compliance with Bankruptcy Rule 7004 and Civil Procedure Rule 4, is a prerequisite to the bankruptcy court exercising personal jurisdiction over a litigant. *In re Marciano*, 459 B.R. 27, 37 (9th Cir. B.A.P. 2011); *In re Peralta*, 317 B.R. 381, 386 (9th Cir. B.A.P. 2004). "In an adversary proceeding against a foreign defendant, unless the defendant waives service of process, the summons and complaint must be served under Rule 4(f) of the Federal Rules of Civil Procedure . . . this process may require service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, or under another international agreement such as the Inter-American Service Convention and Additional Protocol." *In re Vivaro Corp.*, 541 B.R. 144, 147 (Bankr. S.D.N.Y. 2015).

18. "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). This includes the burden

of proof that the purported agent occupied the status prescribed by Civil Procedure Rule 4 and was served in a representative capacity. *See Gottlieb v. Sandia Am. Corp*., 452 F.2d 510, 513–15 (3d Cir. 1971).

19. A court's "power to assert *in personam* authority over parties . . . is dependent not only on compliance with due process but also on compliance with the technicalities of" the applicable service rule. *Grand Entm't Grp.*, 988 F.2d at 492. And critically, "[n]otice to a defendant that he has been sued does not cure defective service" — actual knowledge of a lawsuit is legally irrelevant to whether service complied with the rule. *Id.* ("notice cannot by itself validate an otherwise defective service"); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).

20. Where service on an individual is instead attempted through an asserted agent — as here — courts look to general agency principles under Civil Procedure Rule 4(e)(2)(C), which permit service by delivery "to an agent authorized by appointment or by law to receive service of process." That authority "must be granted by the client, not simply assumed by the attorney," and generalized litigation representation — including an appearance in a related bankruptcy case — does not, without more, make an attorney the client's agent for accepting original process in a separate action. *See In re Focus Media, Inc*., 387 F.3d 1077, 1084 (9th Cir. 2004) (two-part test requiring both that the attorney represent the party in the related proceeding and that the totality of the circumstances demonstrate the client's own intent to confer authority to accept service — it "must be established by an act of the principal," not merely the conduct of the attorney); *see also In re Golden Books Family Entm't, Inc.*, 269 B.R. 300, 305 (Bankr. D. Del. 2001) (Bankruptcy Rule 7004 is strictly construed and service must be directed to a person actually authorized to receive it).

## V. ARGUMENT

### A. The July 8, 2026 Complaint-Only Mailing Did Not Effect Service

21. Bankruptcy Rule 7004(a)(1) incorporates Civil Procedure Rule 4(c)(1), which mandates that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). A complaint mailed without a summons, because none yet existed, cannot satisfy the rule. In an adversary proceeding, the summons is not optional: it is the process commanding the defendant to respond and supplies the response deadline. Fed. R. Bankr. P. 7004(a), 7012(a).

22. The certificate filed at Adversary Docket Item 3 reflects a mailing of the Complaint alone, addressed to Mr. Ferder "c/o" two law firms, on July 13, 2026 — a full month before any summons issued on August 14, 2026. [Adv. D.I. 3 at 1.] Because the July mailing omitted the summons, it was not valid service of process. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568–69 (3d Cir. 1996) (unsigned and unsealed summons did not confer personal jurisdiction).

23. The July mailing also omitted the ADR notice required to accompany service of the summons and complaint under Local Rules 7004-1 and 9019-7. The omission supplies an additional reason the mailing did not satisfy the procedures governing commencement of this adversary proceeding.

24. Consistent with this, Plaintiff's own counsel's July 20, 2026 e-mail confirms that Plaintiff did not then — and, on this record, does not now — contend that the July 13 mailing effected service of the Complaint. [*See* Reeves Decl. at Ex. A.]

### B. Litigation Representation Does Not Confer Authority to Accept Original Process, and the Standard for Any Exception Is Not Met Here

25. Civil Procedure Rule 4(e)(2)(C) permits service on an individual by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Bankruptcy Rule 7004(b)(8) similarly permits first-class-mail service upon an

authorized agent at the agent's dwelling, abode, or regular place of business. Both provisions require actual authority—express or properly implied—to receive process for the defendant.

26. In *In re Harnischfeger Industries*, 288 B.R. 79 (Bankr. D. Del. 2003), the Delaware Bankruptcy Court rejected implied authority even though counsel had entered an appearance, attended three omnibus hearings, filed a motion to reconsider a rejected claim and a related stipulation, filed a confirmation objection, filed an administrative claim, and sought permission to file that claim late. *Id.* at 83-84. The court found those activities "routine" and found service upon counsel deficient. *Id.* at 84.

27. The result here should be the same. Mr. Ferder retained counsel to represent him in identified bankruptcy matters, not to accept original process in every adversary proceeding Plaintiff might commence. [Reeves Decl. ¶¶ 4-5; Frey Decl. ¶¶ 4-5; Hauswirth Decl. ¶¶ 4-5.] Counsel's appearances, filing of pleadings, participation at hearings, and designation as a notice recipient fall precisely within the routine professional activities *Harnischfeger* found insufficient.

28. To the extent that Plaintiff relies on *In re Focus Media, Inc.*, 387 F.3d 1077 (9th Cir. 2004), the decision is nonbinding and factually distinguishable. *Focus Media* held that implied authority could exist where "the totality of circumstances demonstrates ***the intent of the client to convey such authority***." *Id.* at 1079 (emphasis added). In finding that such intent existed in that case, the Ninth Circuit relied on unusually strong facts: counsel repeatedly represented that he was the defendant's personal lawyer; the defendant previously had been served through that lawyer without objection; and, "most importantly," the defendant's own declaration identified the lawyer as his general counsel with broad responsibility for the bankruptcy and related litigation. *Id.* at 1084–85. Thus, even under the most permissive formulation of implied attorney agency, authority to accept service must arise from conduct of the principal — not merely the purported agent's conduct. *Id.* at 1084 (authority "must be established by an act of the principal").

29. No comparable evidence exists here. Mr. Ferder did not designate any firm as general counsel with authority to accept process and did not act in a manner communicating such authority. To the contrary, the firms expressly disclaim authority. [Reeves Decl. ¶ 4-8 and Exs. A and B; Frey Decl. ¶¶ 4-5; Hauswirth Decl. ¶¶ 4-5.] The declarations establish that Mr. Ferder never expressly appointed any served attorney, firm, or receptionist to accept original process. [*See id.*] The firms' contemporaneous disclaimers defeat any reasonable inference that Plaintiff could treat them as authorized agents.

30. Filing a proof of claim, appearing pro hac vice in a related matter, or actively litigating unrelated contested matters in the main bankruptcy case does not, standing alone, satisfy that standard, particularly where, as here, counsel's own declarations and communications consistently and affirmatively disclaim any such authorization. [*See* Hauswirth Decl. ¶¶ 4-5; Frey Decl. ¶¶ 4-5; Reeves Decl. ¶¶ 4-8 and Exs. A and B.] Plaintiff's own lead counsel reached the same conclusion in writing before ever attempting the service at issue: Mr. Kansa's July 20, 2026 e-mail confirms that Plaintiff's counsel understood Reeves & Weiss lacked authority to accept service notwithstanding whatever role the firm played with respect to Mr. Ferder's proof of claim. [Reeves Decl. at Ex. A.] There is no principled basis to treat Stinson LLP's or Carothers & Hauswirth LLP's separate litigation roles any differently.

### C. The Summons Is Independently Defective Under Local Rule 7004-1

31. Local Rule 7004-1(a) requires the plaintiff to prepare a Summons and Notice of Pretrial Conference using Local Form 108 and the summons must specify a pretrial-conference date and time, to be scheduled not less than 35 and not more than 90 days after issuance of the summons. Del. Bankr. L.R. 7004-1. The Rule further requires service of that completed summons, the complaint, and the Local Form 110B ADR notice. *Id.*

32. Here, the summons issued August 14, 2026 lists the date and time as "to be determined," and accordingly does not comply with the Local Rule on its face. While this defect

alone might be curable through reissuance, it independently confirms that Plaintiff's process, quite apart from the manner of its delivery, was not in a condition to be validly served in the first place. *See* Fed. R. Civ. P. 12(b)(4) (insufficient process). The omission deprived Mr. Ferder of the notice Local Rule 7004-1 requires and renders the process defective under Civil Procedure Rule 12(b)(4). *See Ayres v. Jacobs & Cumplar, P.A.*, 99 F.3d 565, 568–69 (3d Cir. 1996) (Civil Procedure Rule 4's summons requirements are integral to valid process).

**D. Service Must Proceed Under the Hague Convention Because Mr. Ferder Lacks a United States Dwelling**

33. Because Mr. Ferder does not maintain a dwelling house or usual place of abode within the United States the purported service, domestic mail or personal delivery under Bankruptcy Rule 7004(b)(1)is not an available mechanism in the first instance. Service is instead required to proceed under Civil Procedure Rule 4(f), incorporated by Bankruptcy Rule 7004(a).

34. Where, as the case here, the defendant resides in a country that is a signatory to the Hague Service Convention, the Convention supplies the exclusive mechanism for formal service absent an applicable exception. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988); *see also Pats Aircraft, LLC v. Munich*, 197 F. Supp. 3d 663, 672 (D. Del. 2016). Courts are skeptical of attempts to satisfy foreign service through Civil Procedure Rule 4 that consist merely of serving a foreign individual defendant's domestic counsel, absent a substantial showing that counsel is truly authorized to accept service on the defendant's behalf — a showing that, for the reasons set forth above, Plaintiff cannot make here. *See United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)

**E. Plaintiff Is Estopped from Repudiating Its Express Concession and Has Waived any Contrary Position**

35. Even if the implied-agency question addressed above were close — and it is not — Plaintiff would still fail, because Plaintiff's own lead counsel resolved that question against

Plaintiff, in writing, weeks before the deliveries at issue. Plaintiff bears the burden of establishing the validity of service. *Grand Entm't Grp.*, 988 F.2d at 488. It cannot carry that burden on a theory its counsel of record expressly disavowed, and it should not be permitted to advance a position in its proofs of service that is irreconcilable with the one it communicated to Mr. Ferder's counsel a month earlier.

36. Statements made by an attorney concerning a matter within the scope of the representation are admissions of the client and are admissible against it. Fed. R. Evid. 801(d)(2)(C), (D); *Glick v. White Motor Co.*, 458 F.2d 1287, 1290–91 (3d Cir. 1972) ("[A]n admission of counsel during the course of trial is binding on his client." (citing *Rhoades, Inc. v. United Air Lines, Inc.*, 340 F.2d 481 (3d Cir. 1965))). Mr. Kansa is Plaintiff's counsel of record *in this very adversary proceeding*; the statement was made in the parties' meet-and-confer correspondence on precisely the subject of service of this Complaint; it was made in writing, after deliberation, following a telephonic conference; and it is unequivocal. *Cf. Glick*, 458 F.2d at 1291 (admissions must be "unequivocal" to bind). [Reeves Decl. ¶¶ 6-7 and Ex. A.]

37. Thus, Plaintiff's written concession provides an independent basis for rejecting its attempted service through Mr. Ferder's domestic counsel. On July 20, 2026, Plaintiff's counsel unequivocally stated that "Reeves & Weiss is not authorized to accept service of the Delaware complaint on the Ferder parties" and that Plaintiff therefore does "***not take the position that the complaint has been served***." [Reeves Decl. at Ex. A (emphasis added).] Plaintiff's deliberate written statement, made with full knowledge of the mailing and the governing service requirements, cannot be reconciled with any present contention that the same mailing accomplished service.

## VI. CONCLUSION

38. "[C]ompliance with the technicalities of Civil Procedure Rule 4" is a precondition to a court's exercise of personal jurisdiction. *Grand Entm't Grp.*, 988 F.2d at 492; *see also* Fed. R. Bankr. P. 7004(f). Because none of the four purported deliveries at issue complied with the governing requirements of Bankruptcy Rule 7004, this Court currently lacks personal jurisdiction over Mr. Ferder in this adversary proceeding.

39. Accordingly, Defendant Mordechai Ferder, individually and as Trustee of the Haim Family Trust, respectfully requests that the Court enter an order (i) pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and/or 12(b)(5), quashing the purported service of process reflected at Adversary Docket Item 3, Item 4-2, and Item 5, or, in the alternative, dismissing the Complaint, without prejudice to Plaintiff's ability to attempt proper service in compliance with Rule 7004 and the Hague Convention, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 14, 2026

*/s/ Gregory W. Hauswirth*
Gregory W. Hauswirth (DE Bar No. 5679)
Carothers & Hauswirth LLP
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: 302 990-4850
Email: ghauswirth@ch-legal.com
*Counsel to Mordechai Ferder individually and as Trustee of the Haim Family Trust*

Sandford L. Frey (CA Bar No. 117058)
STINSON, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Telephone: (310) 730-7020
Email: Sandford.frey@stinson.com
*Admitted Pro Hac Vice*
*Counsel to Mordechai Ferder individually and as Trustee of the Haim Family Trust*

Jeffrey Reeves (CA Bar No. 156648)
Daniel Weiss (CA Bar No. 242022)
REEVES & WEISS LLP
3333 Michelson Dr.
Suite 300
Irvine, California 92612
Telephone: (818) 554-7601
Email: JReeves@reevesandweiss.com
DWeiss@reevesandweiss.com
*Admitted Pro Hac Vice*
*Counsel to Mordechai Ferder individually and as Trustee of the Haim Family Trust*